IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

      Plaintiff,                    No. CIV S-10-3015 MCE KJM PS

   vs.

JACQUELINE BERRIEN, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      Plaintiff's original complaint was filed on November 9, 2010. Plaintiff filed an amended complaint on November 12, 2010. On November 16, 2011, plaintiff filed a second amended complaint. Plaintiff is advised that under Federal Rule of Civil Procedure 15(a), plaintiff may not file more than one amended complaint absent written consent of the defendants

/////

or leave of court. Under the circumstances, the court will review the last filed complaint, which it understands to supersede the prior complaints. See Local Rule 220.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the second amended complaint does not

1  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal
2  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements
3  of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
4  Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
5  defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply
6  with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be
7  dismissed.  The court will, however, grant leave to file a third amended complaint.

8  　　　　　If plaintiff chooses to amend the complaint, plaintiff must set forth the
9  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
10 Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
11 in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

12 　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
14 amended complaint be complete in itself without reference to any prior pleading.  This is
15 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
16 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.

20 　　　　　In accordance with the above, IT IS HEREBY ORDERED that:
21 　　　　　1.  Plaintiff's request to proceed in forma pauperis is granted;
22 　　　　　2.  Plaintiff's second amended complaint is dismissed; and
23 　　　　　3.  Plaintiff is granted thirty days from the date of service of this order to file a
24 third amended complaint that complies with the requirements of the Federal Rules of Civil
25 Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket
26 number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file

1 an original and two copies of the third amended complaint; failure to file a third amended
2 complaint in accordance with this order will result in a recommendation that this action be
3 dismissed.

4 DATED: November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

006
graves.ifp-lta