IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

      Plaintiff,                    No. CIV S-10-3015 MCE EFB (TEMP) PS

    vs.

JACQUELINE BERRIEN, et al.,

      Defendants.           <u>ORDER</u>

                            /

      Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

      Plaintiff's original complaint was filed on November 9, 2010. Plaintiff filed an amended complaint on November 12, 2010. Three days later, plaintiff filed a second amended complaint. The second amended complaint was reviewed by the court and dismissed with leave to amend. *See* 28 U.S.C. § 1915(e)(2). Plaintiff has now filed a third amended complaint.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id*. Because plaintiff had failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint was dismissed and leave to amend was granted. The

third amended complaint fails to cure the deficiencies evident in the second amended complaint. The court will grant one final opportunity to amend the complaint.

Plaintiff is again cautioned that he must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).

In this action, plaintiff seeks damages for allegedly wrongful actions taken by employees of the Equal Employment Opportunity Commission ("EEOC"), the agency itself, and the United States of America. Under the Federal Torts Claim Act ("FTCA"), an aggrieved party must file an adminstrative claim with the appropriate federal agency before commencing litigation against the United States. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *Marley v. United States*, 548 F.3d 1286, 1287 (9th Cir. 2008). It does not appear from plaintiff's numerous pleadings that plaintiff has exhausted his statutorily-required administrative remedies. Any amended complaint must address this deficiency.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed ten motions since March 10, 2011. Many of the pleadings are not pertinent to issues before the court, are duplicative, or not properly noticed for hearing. On March 10, 2011, plaintiff filed two motions addressing a notice of related cases filed by defendant United States of America. Whether the actions are related is a matter to be determined by the district court, and apart from the filing of a notice of related cases pursuant to Local Rule

123, pleadings or briefs on the question are unnecessary.  Plaintiff's eight other motions, filed in the course of several days spanning a little over a month, are motions styled as motions to "add newly discovery [sic] exhibit."  Exhibits may be attached to a complaint, may be submitted in connection with a motion for summary judgment, or may be presented at trial.  Plaintiff's "motions" are not properly noticed for hearing, do not pertain to pending discovery, and appear to be irrelevant to these proceedings.  Plaintiff's motions will accordingly be denied and an order shall issue limiting plaintiff's filings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motions (Dckt. Nos. 14, 15, 18, 19, 20, 22, 23, 24, 25, 26) are denied.

4. The multiplicity of plaintiff's filings are a burden on both the court and defendants and impede the proper prosecution of this action.  Plaintiff's future filings shall therefore be limited.  Plaintiff may only file the following documents:

    a. Proofs of service regarding summons;

    b. One opposition to any motion filed by defendants (and clearly titled as such);

    c. Only one motion pending at any time.  Such motion must be properly noticed for hearing.  Plaintiff shall comply with Local Rule 230 for any future motion and he is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

4

1          d. One set of objections to any findings and recommendations.

2         Failure to comply with this order shall result in improperly documents being stricken from the record and may result in a recommendation that this action be dismissed.

DATED: June 21, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE